UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OLADIMEJI JACOBS ALADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BARNES-JEWISH HOSPITAL, INC.,) | | |
| Liability Company, | ) | |
| | ) | Cause No. 4:12-CV-00497-CAS |
| and | ) | |
| | ) | |
| BJC HEALTH SYSTEM, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NURI B. FARBER, M.D. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John Does 1-5 | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANT NURI B. FARBER'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Nuri B. Farber, M.D. ("Dr. Farber"), by and through his

counsel, hereby responds to Plaintiff Oladimeji Alade's Complaint

("Complaint") as follows:

**General Denial**

Except as expressly admitted below, Dr. Farber denies each and every

allegation contained in Paragraphs 1 through 192 of the Complaint,

1

including without limitation, the headings and subheadings contained in the Complaint; specifically denies any liability to Plaintiff; and specifically denies that Plaintiff has suffered any legally cognizable damages for which Dr. Farber is responsible.  The allegations in Count I (¶¶ 99-102), Count II (¶¶ 103-106), Count III (¶¶ 107-110), Count XI (¶¶ 139-142), Count XII (¶¶ 143-145), and Count XIII (¶¶ 146-149), do not appear to be addressed to Dr. Farber; to the extent that a response is deemed necessary, those allegations are denied.  Finally, allegations that state legal or other conclusions do not require a response, however, to the extent that a response is deemed necessary, such allegations are denied.

## Specific Responses to Plaintiff's Complaint

In response to the Complaint's numbered paragraphs, Dr. Farber answers as follows:[1]

1.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

---

[1] Unless otherwise specifically indicated, each response herein refers to the numbered paragraph on the Complaint that is referred to in the response, including all subsections thereof, and to any unnumbered paragraphs that appear between the numbered paragraph and the next numbered paragraph.

2

3.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies the same.

4.      Dr. Farber admits that he resides in St. Louis County, Missouri, and is the Director of the BJH Psychiatry Residency Training Program, but denies the remaining allegations in Paragraph 4.

5.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same.

6.      The allegations in Paragraph 6 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

7.      The allegations in Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

8.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies the same.

9.      Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11.    Dr. Farber states that in 2008, Plaintiff was accepted into the BJH Psychiatry Residency Training Program, and stated that he was a member of the New Jersey National Guard, but denies the remaining allegations in Paragraph 11.

12.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13.    Dr. Farber states that Plaintiff began his Residency training in July of 2008, and that at the time, Dr. Farber was the Director of the BJH Psychiatry Residency Training Program, but denies the remaining allegations in Paragraph 13.

14.    Dr. Farber denies the allegations in Paragraph 14.

15.    Dr. Farber denies the allegations in Paragraph 15.

16.    Dr. Farber denies the allegations in Paragraph 16.

17.    The allegations in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

18.    Dr. Farber denies the allegations in Paragraph 18.

4

19.     Dr. Farber denies the allegations in Paragraph 19.

20.     Dr. Farber denies the allegations in Paragraph 20.

21.     Dr. Farber denies the allegations in Paragraph 21.

22.     Dr. Farber denies the allegations in Paragraph 22.

23.     Dr. Farber denies the allegations in Paragraph 23.

24.     Dr. Farber admits that Plaintiff received his medical license in 2010, but denies all remaining allegations in Paragraph 24.

25.     Dr. Farber denies the allegations in Paragraph 25.

26.     Dr. Farber denies the allegations in Paragraph 26.

27.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27, and therefore denies the same.  In answering further, Dr. Farber states that as a result of a HIPAA violation, Plaintiff was suspended from August 27, 2010 through September 7, 2010, but denies all remaining allegations in Paragraph 27.

28.     Dr. Farber denies the allegations in Paragraph 28.

29.     Dr. Farber states that on December 2, 2010, he and Dr. Harbit met with Plaintiff to address serious concerns regarding Plaintiff's performance in the Psychiatry Residency Program, including potential serious HIPAA violations, communications issues, and failure to complete

medical records in a timely manner.  Dr. Farber denies all remaining allegations in Paragraph 29.

30.     Dr. Farber denies the allegations in Paragraph 30.

31.     Dr. Farber denies the allegations in Paragraph 31.

32.     Dr. Farber admits that Plaintiff's mid-year review was held on February 14, 2011, but denies all remaining allegations in Paragraph 32.

33.     Dr. Farber admits that continuing issues with Plaintiff's performance were addressed at the February 14, 2011 meeting, but denies all remaining allegations in Paragraph 33.

34.     Dr. Farber admits that he informed Plaintiff of an upcoming meeting during which a number of issues would be discussed, but denies the remaining allegations in Paragraph 34.

35.     Dr. Farber states that the February 16, 2011 letter speaks for itself, and denies the remaining allegations in Paragraph 35 to the extent they mischaracterize or are inconsistent with the contents of the February 16, 2011 letter.

36.     Dr. Farber denies the allegations in Paragraph 36.

37.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same.

38.     Dr. Farber denies the allegations in Paragraph 38.

39.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore denies the same.

40.    Dr. Farber admits that in a letter dated March 4, 2011, Plaintiff indicated that he would be resigning from the residency program, but denies the remaining allegations in Paragraph 40.

41.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore denies the same.

42.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies the same.

43.    Dr. Farber denies the allegations in Paragraph 43.

44.    Dr. Farber denies the allegations in Paragraph 44.

45.    Dr. Farber admits that Plaintiff was given a letter that informed him, among other things, that his final day would be July 11.  That letter speaks for itself, and Dr. Farber denies the remaining allegations in Paragraph 45 to the extent they mischaracterize or are inconsistent with the contents of the letter.

46.    Dr. Farber admits that Plaintiff was not scheduled to see any patients on July 8, 2011.

47.     Dr. Farber denies the allegations in Paragraph 47.

48.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore denies the same.

49.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies the same.

50.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore denies the same.

51.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore denies the same.

52.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore denies the same.

53.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore denies the same.

54.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54, and

therefore denies the same.  The second sentence in Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

55.     The allegations in Paragraph 55 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

56.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore denies the same.

57.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore denies the same.

58.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore denies the same.

59.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore denies the same.

60.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore denies the same.

61.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore denies the same.

62.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore denies the same.

63.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore denies the same.

64.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64, and therefore denies the same.

65.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65, and therefore denies the same.

66.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore denies the same.

67.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore denies the same.

68.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore denies the same.

69.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore denies the same.

70.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore denies the same.

71.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore denies the same.

72.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore denies the same. The second sentence in Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

73.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore denies the same.

74.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74, and therefore denies the same.

75.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75, and therefore denies the same.

76.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76, and therefore denies the same.

77.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77, and therefore denies the same.

78.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78, and therefore denies the same.

79.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79, and therefore denies the same.

80.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80, and therefore denies the same.

81.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81, and therefore denies the same.

82.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies the same.

83.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83, and therefore denies the same.

84.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84, and therefore denies the same.

85.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85, and therefore denies the same.

86.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86, and therefore denies the same.

87.     Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87, and therefore denies the same.

88.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88, and therefore denies the same.

89.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89, and therefore denies the same.

90.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90, and therefore denies the same.

91.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91, and therefore denies the same.

92.    Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92, and therefore denies the same.

93.    Dr. Farber denies the allegations in Paragraph 93.

94.    Dr. Farber denies the allegations in Paragraph 94.

95.    Dr. Farber denies the allegations in Paragraph 95.

96.    The allegations in Paragraph 96 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

97.   Dr. Farber is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97, and therefore denies the same.

98.   Dr. Farber denies the allegations in Paragraph 98.

## COUNT I
### ASSAULT (Events of July 8, 2011)
### (Defendants BJC and/or BJH)

99.   Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 98, as if fully set forth herein.

100.   The allegations in Paragraph 100 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 100 are directed to Dr. Farber, they are denied.

101.   The allegations in Paragraph 101 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 101 are directed to Dr. Farber, they are denied.

102.   The allegations in Paragraph 102 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 102 are directed to Dr. Farber, they are denied.

## COUNT II
## BATTERY (Events of July 8, 2011)
## (Defendants BJC and/or BJH)

103.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 102, as if fully set forth herein.

104.  The allegations in Paragraph 104 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 104 are directed to Dr. Farber, they are denied.

105.  The allegations in Paragraph 105 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 105 are directed to Dr. Farber, they are denied.

106.  The allegations in Paragraph 106 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 106 are directed to Dr. Farber, they are denied.

## COUNT III
## FALSE IMPRISONMENT (Events of July 8, 2011)
## (Defendants BJC and/or BJH)

107.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 106, as if fully set forth herein.

108.  The allegations in Paragraph 108 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 108 are directed to Dr. Farber, they are denied.

109.  The allegations in Paragraph 109 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 109 are directed to Dr. Farber, they are denied.

110.  The allegations in Paragraph 110 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 110 are directed to Dr. Farber, they are denied.

## COUNT IV
### SLANDER (Events of July 8, 2011)
### (All Defendants)

111.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 110, as if fully set forth herein.

112.  The allegations in Paragraph 112 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

113.  The allegations in Paragraph 113 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

114.  The allegations in Paragraph 114 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

**COUNT V**
**LIBEL (Events of July 8, 2011)**
**(All Defendants)**

115.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 114, as if fully set forth herein.

116.  The allegations in Paragraph 116 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

117.  The allegations in Paragraph 117 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

118.  The allegations in Paragraph 118 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT VI
### SLANDER (Events of July 8, 2011)
### (All Defendants)

119.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 118, as if fully set forth herein.

120.  The allegations in Paragraph 120 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

121.  The allegations in Paragraph 121 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

122.  The allegations in Paragraph 122 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT VII
### LIBEL (Events of July 8, 2011)
### (All Defendants)

123.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 122, as if fully set forth herein.

124.  The allegations in Paragraph 124 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

125.  The allegations in Paragraph 125 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

126.  The allegations in Paragraph 126 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

**COUNT VII**
**INJURIOUS FALSEHOOD (Events of July 8, 2011)**
**(All Defendants)**

127.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 126, as if fully set forth herein.

128.  The allegations in Paragraph 128 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

129.  The allegations in Paragraph 129 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

130.  The allegations in Paragraph 130 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT IX
## INVASION OF PRIVACY –
## TORTIOUS INTRUSION INTO SECLUSION (Events of July 8, 2011)
## (All Defendants)

131.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 130, as if fully set forth herein.

132.   The allegations in Paragraph 132 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

133.   The allegations in Paragraph 133 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

134.   The allegations in Paragraph 134 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT X
## INVASION OF PRIVACY – PUBLICATION OF PRIVATE FACTS
## (Events of July 8, 2011)
## (All Defendants)

135.   Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 134, as if fully set forth herein.

136.  The allegations in Paragraph 136 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

137.  The allegations in Paragraph 137 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

138.  The allegations in Paragraph 138 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XI
## ASSAULT (Events of July 8, 2011)
## (Defendants BJC and/or BJH)

139.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 138, as if fully set forth herein.

140.  The allegations in Paragraph 140 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 140 are directed to Dr. Farber, they are denied.

141.  The allegations in Paragraph 141 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 141 are directed to Dr. Farber, they are denied.

142.  The allegations in Paragraph 142 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or

BJH.  To the extent any of the allegations in Paragraph 142 are directed to Dr. Farber, they are denied.

## COUNT XII
### BATTERY (Events of July 9, 2011)
### (Defendants BJC and/or BJH)

143.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 142, as if fully set forth herein.

144.  The allegations in Paragraph 144 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 144 are directed to Dr. Farber, they are denied.

145.  The allegations in Paragraph 145 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 145 are directed to Dr. Farber, they are denied.

## COUNT XIII
### FALSE IMPRISONMENT (Events of July 9, 2011)
### (Defendants BJC and/or BJH)

146.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 145, as if fully set forth herein.

147.  The allegations in Paragraph 147 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or

BJH.  To the extent any of the allegations in Paragraph 147 are directed to Dr. Farber, they are denied.

148.  The allegations in Paragraph 148 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 148 are directed to Dr. Farber, they are denied.

149.  The allegations in Paragraph 149 are not directed to Dr. Farber, but are legal conclusions and/or related solely to Defendants BJC and/or BJH.  To the extent any of the allegations in Paragraph 149 are directed to Dr. Farber, they are denied.

**COUNT XIV**
**SLANDER**
**(Events of July 9, 2011)**
**(All Defendants)**

150.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 149, as if fully set forth herein.

151.  The allegations in Paragraph 151 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

152.  The allegations in Paragraph 152 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

24

153.  The allegations in Paragraph 153 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XV
### LIBEL
### (Events of July 9, 2011)
### (All Defendants)

154.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 153, as if fully set forth herein.

155.  The allegations in Paragraph 155 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

156.  The allegations in Paragraph 156 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

157.  The allegations in Paragraph 157 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XVI
### SLANDER (Events of July 9, 2011)
### (All Defendants)

158.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 157, as if fully set forth herein.

159.  The allegations in Paragraph 159 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

160.  The allegations in Paragraph 160 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

161.  The allegations in Paragraph 161 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

**COUNT XVII**
**LIBEL (Events of July 9, 2011)**
**(All Defendants)**

162.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 161, as if fully set forth herein.

163.  The allegations in Paragraph 163 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

164.  The allegations in Paragraph 164 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

165.  The allegations in Paragraph 165 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XVIII
## INJURIOUS FALSEHOOD (Events of July 9, 2011)
## (All Defendants)

166.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 165, as if fully set forth herein.

167.  The allegations in Paragraph 167 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

168.  The allegations in Paragraph 168 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

169.  The allegations in Paragraph 169 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XIX
## INVASION OF PRIVACY –
## TORTIOUS INTRUSIONS ON SECLUSION
## (Events of July 9, 2011)
## (All Defendants)

170.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 169, as if fully set forth herein.

171.  The allegations in Paragraph 171 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

172.  The allegations in Paragraph 172 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

173.  The allegations in Paragraph 173 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

**COUNT XX**
**INVASION OF PRIVACY – PUBLICATION OF PRIVATE FACTS**
**(Events of July 9, 2011)**
**(All Defendants)**

174.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 173, as if fully set forth herein.

175.  The allegations in Paragraph 175 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

176.  The allegations in Paragraph 176 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

177.  The allegations in Paragraph 177 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XXI
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS/EXPECTANCY
### (Events of July 8-9, 2011)
### (All Defendants)

178.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 177, as if fully set forth herein.

179.  The allegations in Paragraph 179 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

180.  The allegations in Paragraph 180 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

181.  The allegations in Paragraph 181 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XXII
## MALICIOUS PROSECUTION
### (Events of July 9, 2011)
### (All Defendants)

182.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 181, as if fully set forth herein. The remaining allegations in Paragraph 182 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Dr. Farber denies the allegations in Paragraph 182.

183.  The allegations in Paragraph 183 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XXIII
## CIVIL CONSPIRACY
### (Events of July 9, 2011)
### (All Defendants)

184.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 183, as if fully set forth herein.

185.  The allegations in Paragraph 185 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

186.  The allegations in Paragraph 186 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

187.  The allegations in Paragraph 187 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

188.  The allegations in Paragraph 188 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

189.  The allegations in Paragraph 189 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

## COUNT XXIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Events of July 8-9, 2011)
### (All Defendants)

190.  Dr. Farber incorporates by reference his general denial and responses to Paragraphs 1 through 189, as if fully set forth herein.

191.  The allegations in Paragraph 191 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

192.  The allegations in Paragraph 192 are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

193.  Dr. Farber denies the Plaintiff is entitled to any of the relief set forth in the unnumbered paragraphs titled "WHEREFORE," on pages 16-17, 18, 19, 20, 22, 23, 24-25, 26, 27-28, 29, 30, 31-32, 33, 34, 36, 37, 38-39, 40, 42, 43, 45, 46, 48, and 49 of the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Defenses set forth below, Dr. Farber intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute and shall not be deemed to constitute an admission of liability, that Plaintiff may maintain this action, or that Plaintiff is entitled to any relief whatsoever.

Dr. Farber alleges the following affirmative defenses with respect to the causes of action alleged in the Complaint:

1.      Plaintiff's claims each fail to state a cause of action against Dr. Farber upon which relief may be granted.

2.      Plaintiff's claims are barred by the doctrine of waiver.

3.      Plaintiff's claims are barred by the doctrine of estoppel.

4.      Plaintiff's claims are barred by the doctrine of laches.

5.     Plaintiff's claims are barred because, if the Plaintiff were damaged, which Dr. Farber expressly denies, Plaintiff failed to mitigate his damages.

6.     Plaintiff's claims are barred because, if the Plaintiff were damaged, which Dr. Farber expressly denies, said damages were caused by the actions or omissions of the Plaintiff, his agents, or by third parties over which Dr. Farber had no responsibility or control.

7.     Plaintiff's claims are barred by the doctrine of unclean hands.

8.     Plaintiff's claims are barred, in whole or in part, by the limitation of remedies set forth in Plaintiff's residency agreements.

9.     The Complaint, and each cause of action alleged in the Complaint, is barred because Plaintiff has not been injured at all as a result of the action or inaction by Dr. Farber.

10.     Dr. Farber is absolved from any and all liability for the wrongs alleged in the Complaint because at all times he acted in a reasonable manner, with legitimate justification, and/or was otherwise privileged.

11.     Plaintiff is barred, in whole or in part, from recovering any amounts from Dr. Farber in this action because Plaintiff ratified and/or consented to the actions, now alleged to be wrongful, by his own conduct.

12.    Plaintiff's conduct was culpable, requiring that his recovery, if any, should be diminished in proportion to the relative amount of comparative fault attributable to him.

13.    Dr. Farber is absolved from liability because any statements Dr. Farber made were statements of opinion, true, or substantially true.

14.    Dr. Farber is absolved form liability, because any communications Dr. Farber made were privileged and/or justified because they were made in without malice, in good-faith, pursuant to legitimate duties and obligations, and/or to others with legitimate duties and obligations with respect to the communications.

15.    Plaintiff's claims are barred, in whole or in part, because the alleged communications were not published to third persons, not authorized to receive them.

16.    Plaintiff's claims are barred, in whole or in part, because to the extent any of the alleged communications were improperly published to third persons, they were not published by Dr. Farber, but by Plaintiff, Plaintiff's agents, and/or third parties over which Dr. Farber had no responsibility or control.

17.    On information and belief, Plaintiff's injuries and damages, if any, were directly and proximately caused by the intervening or superseding cause and/or comparative fault of third parties (including, without limitation,

non-parties to this action) for whom Dr. Farber bears no responsibility and for which Dr. Farber is not liable.  Moreover, the acts and omissions of Plaintiff or of other parties or non-parties, and not of Dr. Farber, constitutes a new and independent cause of any alleged damages to Plaintiff sufficient to prevent a finding of proximate cause against Dr. Farber.

18.     The damages alleged are impermissibly remote and speculative and, therefore, Plaintiff is barred from the recovery of any such alleged damages.

19.     Any alleged acts or omissions by Dr. Farber were not a substantial factor in bringing about the alleged injuries and damages for which Plaintiff seeks recovery.

20.     On information and belief, Plaintiff's injuries, if any, were caused by preexisting or unrelated medical conditions, diseases, or illnesses.

21.     Dr. Farber is absolved from any and all liability for the wrongs alleged in the Complaint by reason of his full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

22.     In the event Dr. Farber is held jointly liable with other parties, Dr. Farber requests that a determination be made of the relative distribution of fault with an apportionment of responsibility for the payment of any damages that may be awarded to Plaintiff and the determination of the right

of contribution and indemnity between Dr. Farber and to any other party to the action at the time of submission of the case or who may have been a party prior thereto.

23.   Dr. Farber requests a determination of the contributory fault of Plaintiff and when an Agreement by Release, Covenant Not to Sue, or Not to Enforce a Judgment or similar document or agreement is made, a reduction of the claim by the stipulated amount of the agreement or in the amount of consideration paid, whichever is greater, in accordance with Section 537.060 RSMo.

24.   Dr. Farber states that Plaintiff's causes of action may be barred by the applicable statutes of limitation.

25.   Dr. Farber states that, if Plaintiff sustained damages as alleged in the Complaint, which Dr. Farber denies, Dr. Farber cannot be held jointly and severally liable to Plaintiff for the negligence or fault of other defendants to this action, because the common law doctrine of joint and several liability is mutually inconsistent with the doctrine of comparative fault, is against the public policy of the State of Missouri, and violates Dr. Farber's constitutional rights under Article I,§ 8 and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I,§§ 2, 10, 21 and 28 of the Missouri Constitution, in one or more of the following respects: (a) the application of joint and several liability affords no

or inadequate notice to Dr. Farber of the potential repercussions of its alleged conduct and fails to limit the damages to Dr. Farber's respective culpability, thereby denying him due process; (b) the application of joint and several liability amounts to an imposition of an unfair, unjust, and excessive fine and/or cruel and unusual punishment; (c) the application of joint and several liability discriminates against Dr. Farber in that his status, wealth, and/or net worth, with respect to other defendants, is determinative of the amount of its economic liability and different amounts may be awarded against different defendants regardless of their respective culpability depending solely on the status of the material wealth of the various defendants, thereby denying Dr. Farber equal protection under the law; (d) the application of joint and several liability constitutes an impermissible burden on interstate commerce; and/or (e) the application of joint and several liability constitutes an impermissible taking of private property for private use.

26.   Plaintiff's claims may be barred by the doctrine of primary jurisdiction and Plaintiff's failure to exhaust the administrative procedures available to him.

27.   Plaintiff's claims for punitive damages, if granted, would be grossly excessive and would violate the United States Constitution.  Dr. Farber has not received fair notice that he could be subject to substantial

punitive damages in the State of Missouri for the conduct alleged.  The

punitive damages sought by Plaintiff are greatly disproportionate to any

actual damages and far exceed any civil or criminal sanctions that could be

imposed for similar alleged misconduct.

28.   The conduct and/or acts of Dr. Farber as alleged in the

Complaint was not and are not willful, wanton, malicious, reckless,

fraudulent or done with a conscious disregard for the rights of Plaintiff.  Nor

does any of the conduct and/or acts of the Dr. Farber as alleged in the

Complaint demonstrate that Dr. Farber acted with a high degree of moral

culpability.  In fact, Dr. Farber exercised reasonable care at all times alleged

in the Complaint and Plaintiff has failed to clearly establish any entitlement

to punitive damages based on these allegations.

29.   Any award based upon asserted interests or injuries in this case

would violate the Due Process Clause of the Fourteenth Amendment to the

United States Constitution and Article 1, Sections 10 and 21 of the Missouri

Constitution.

30.   Plaintiff's prayer for punitive and/or exemplary damages must

be denied because: (a) There is no factual or legal basis for an award of

punitive damages against Dr. Farber; (b) An award of punitive damages

against Dr. Farber Hospital deprives him of property without due process of

law since the basis for an award of such damages is vague and indefinite and

is not the basis of any consistent standard to be applied to conduct subjecting

defendant to such damages, all in violation of the Fifth and Fourteenth

Amendments to the United States Constitution and Article I, Bill of Rights,

§ 1 0 of the 1945 Constitution of Missouri; (c) An award of punitive

damages against Dr. Farber subjects Dr. Farber to multiple jeopardy or

punishments for the alleged commission of a single act in violation of the

Eighth Amendment to the United States Constitution and Article I, Bill of

Rights, § 19 of the 1945 Constitution of Missouri; (d) An award of punitive

damages against Dr. Farber subjects him to excessive fines and unusual

punishment in violation of the Eighth Amendment to the United States

Constitution and Article I, Bill of Rights, §21 of the 1945 Constitution of

Missouri; (e) An award of punitive damages deprives Dr. Farber of property

without due process of law in violation of its rights under the Fifth and

Fourteenth Amendments to the United States Constitution, and Article I, Bill

of Rights, § 10 of the 1945 Constitution of Missouri because the standard for

determining whether to impose damages for punitive damages is vague and

indefinite and does not provide adequate guidance to the trier of fact, and the

law fails to explain in comprehensible terms the conduct prohibited, thus

requiring defendant to speculate as to what conduct is prohibited; (f) An

award of punitive damages deprives Dr. Farber of property without due

process of law in violation of its rights under the Fifth and Fourteenth

Amendments to the United States Constitution, and Article I, Bill of Rights,§§ 10 and 21 of the 1945 Constitution of Missouri by permitting unconstitutionally excessive punishment; (g) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §10 of the 1945 Constitution of Missouri by permitting the trier of fact to impose punitive damages without requiring a greater burden of proof; (h) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §§10 and 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing the liability for the amount of the penalty; (i) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of the Bills of Attainder and Ex Post Facto Clauses of the United States Constitution, Art. I, §9, CL.3; Art. I, §10, CL.1, and Article I, Bill of Rights, § 13 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing liability for punitive damages and the amount; (j) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of its rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights,

§§ 10 and 2 of the 1945 Constitution of Missouri since Missouri law erroneously permits arbitrary, capricious, and discriminatory enforcement; (k) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights,§§ 10 and 19 of the 1945 Constitution of Missouri because such an award results in multiple punishments for a single act or course of conduct; (l) An award of punitive damages deprives Dr. Farber of property without due process of law and puts it in jeopardy more than once, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, § § 10 and 19 of the 1945 Constitution of Missouri; (m) An award of punitive damages deprives Dr. Farber of property without due process of law by imposing excessive fines and cruel and unusual punishment, in violation of its rights under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, § § 10 and 21 of the 1945 Constitution of Missouri; (n) An award of punitive damages deprives Dr. Farber of property without due process of law and deprives defendants of equal protection of the laws, in violation of its rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §§10 and 2 of the1945 Constitution of Missouri because Missouri law governing damages

41

for punitive damages are not rationally related to a legitimate state interest, and in any event, are not the least restrictive means by which to accomplish any state interest to be served; (o) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of its rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §§10 and 2 of the 1945 Constitution of Missouri, because Missouri law provides no cap or other comprehensible limitation on the amount of punitive damages; (p) An award of punitive damages deprives Dr. Farber of property without due process of law in violation of its rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, §§10, 18(a) and 22(a) of the 1945 Constitution of Missouri, because the procedures utilized in the trial on the issue of punitive damages fails to provide adequate guarantees of a presumption of innocence; (q) An award of punitive damages is punishment which may be awarded by less than a unanimous verdict in violation of the Sixth Amendment and Article 3, Section 2 of the United States Constitution and Article I, Bill of Rights, § 22 (a) of the 1945 Constitution of Missouri; (r) An award of punitive damages deprives Dr. Farber of property without due process of law and further deprives defendants of the equal protection of the laws in violation of its rights under the Fifth and Fourteenth Amendments to the United States Constitution and

Article I, Bill of Rights, § § 10 and 2 of the 1945 Constitution of Missouri,

because the jury is told to take into consideration the evidence of defendant's

net worth, implying to the jury that it would be more appropriate to punish

this defendant rather than another defendant under similar circumstances

who had a lesser net worth; (s) An award of punitive damages has the effect

of treating defendants differently and discriminatorily, thus depriving

defendants of property without due process of law and further depriving

defendants of the equal protection of the laws, in violation of the Fifth and

Fourteenth Amendments to the United States Constitution and Article I, Bill

of Rights, §§10 and 2 of the 1945 Constitution of Missouri; (t) An award of

punitive damages creates an undue burden on interstate commerce, in

violation of the Commerce clause of the United States Constitution, Art. I,

§8, CL.3, because such damages give the jury unlimited powers to levy civil

punishment for the breach of a standard of conduct determined and imposed

by the jury on a producer of goods manufactured outside the State of

Missouri for shipment in interstate commerce, and thereby gives the jury

unlimited power to establish standards for the manufacture of such goods in

interstate commerce.

31.    Dr. Farber pleads and invokes any and all standards for

recovery and limitations on the amount of recovery for punitive or

exemplary damages to the full extent provided by Missouri and federal law and by any other applicable law.

32.     Dr. Farber has been improperly joined as a party defendant and the cause of action, if any, against Dr. Farber should be severed and proceed separately.

33.     Dr. Farber hereby adopts and incorporates any affirmative defenses as raised by Defendants Barnes-Jewish Hospital, Inc. and BJC Health System, Inc., as if fully set-forth herein.

34.     Dr. Farber does not knowingly and intentionally waive any affirmative defenses, and reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

35.     Dr. Farber hereby demands a trial by jury of any and all claims and issues triable of right by a jury.

WHEREFORE, Dr. Farber respectfully requests entry of judgment granting the following relief:

(a)     dismissing Plaintiff's Complaint with prejudice;

(b)     awarding the costs of defending this action; and

(c)     granting such other and further relief as this Court may deem just and proper.

Dated:  April 10, 2012.          Respectfully submitted,

                                 HUSCH BLACKWELL, LLP

                                 By   /s/ Joseph P. Conran          .
                                 Joseph P. Conran, #21635
                                 Christopher A. Smith, #53266
                                 Husch Blackwell LLP
                                 190 Carondelet Plaza
                                 St. Louis, MO 63105
                                 Phone: 314-480-1500
                                 joe.conran@huschblackwell.com
                                 chris.smith@huschblackwell.com
                                 **_Attorneys for Defendant Nuri B._**
                                 **_Farber_**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Counsel of Record, this 10th day of April 2012, and via electronic mail to the addressees shown below:

Andrew Ndubisi Ucheomumu, L.L.M. Esquire
The Ucheomumu Law Group, LLC
4938 Hampden Lane, #133
Bethesda, MD 20814
Phone: 301-633-0079
andrew@ucheomumulaw.com

Ositadimma V. Onyia, Ph.D. Esquire
The Oniya Law Firm, LLC.
3300 E. Main Street, #220
Columbus, OH 43209
Phone:  624-489-9495
osita@onyialaw.com

Henry Elster, Esquire
The Elster Law Office, LLC
77750 Clayton Road, Suite 102
St. Louis, MO 63117
Phone: 314-283-8930
henry@elsterlaw.com
***Attorneys for Plaintiff***
***Oladimeji Jacobs Alade, D.O.***

Peter J. Krane, #32546MO
Williams Venker and Sanders
Bank of America Tower, 21st Floor
St. Louis, MO  63102
Phone: 314-345-5000
PKrane@wvslaw.com

***Attorney for Defendants Barnes-Jewish Hospital, Inc.,***
***and BJC Health Systems, Inc.***

/s/ Christopher A. Smith            .